UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 12 C 6208 |
| v. | ) | |
| | ) | Judge Marvin E. Aspen |
| Shauntel Andrews | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Shauntel Andrews has filed a notice of appeal (Dkt. No. 15) from our orders denying Andrews' motion pursuant to 28 U.S.C. § 2255 and subsequent motion for reconsideration. (Dkt. Nos. 11, 14.) At this stage, Andrews requires a certificate of appealability before he may proceed with his appeal. 28 U.S.C. § 2253(c)(1). For the reasons set forth below, we deny Andrews' request for a certificate of appealability.

## BACKGROUND

On February 10, 2010, Shauntel Andrews pleaded guilty to bank robbery and possession of a firearm in furtherance of a crime of violence. *United States v. Andrews*, 419 F. App'x 673, 674 (7th Cir. 2011). Based on a number of prior convictions, the probation officer designated Andrews as a career offender and recommended a sentencing range of 272 to 319 months imprisonment. *Id.* We sentenced Andrews to 272 months and Andrews timely appealed. *Id.*

The Seventh Circuit dismissed the appeal, holding that "any challenge to the reasonableness of the sentence would be frivolous." *Id.* Andrews then filed a motion to vacate,

set aside, or correct sentence under 28 U.S.C. § 2255, challenging the basis for his designation as a career offender. (Dkt. No. 1.) Upon considering the Government's response, we denied the motion. (Dkt. No. 11.) Next, Andrews filed a motion to "alter or amend judgment, or [for] reconsideration," alleging that we violated his due process rights by failing to give him the opportunity to reply to the Government's response. (Dkt. No. 13.) We denied that motion as well. (Dkt. No. 14.) Andrews currently seeks to appeal our denial of both post-conviction motions.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2253(c)(1), a certificate of appealability is required for an appeal from a final order in a habeas corpus proceeding under 28 U.S.C. §§ 2254 or 2255. *See* 28 U.S.C. § 2253(c). We may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). To make a substantial showing of the denial of a constitutional right where the district court rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong," or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603–04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S. Ct. 3383, 3395 (1983)). If the district court rejected "a petitioner's claims on procedural grounds without reaching the prisoner's underlying constitutional claim," it should only issue a certificate of appealability "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

## ANALYSIS

I. **Denial of Andrews' Habeas Petition**

Andrews argued in his § 2255 motion that we should not have designated him as a career offender because challenges to two of his prior convictions remain pending in state court. (Mot. ¶ 12.) As the Government pointed out, however, the pre-sentencing report ("PSR") in the criminal case indicated that Andrews had "three prior felony convictions for violent offenses and one for distribution of controlled substances." (Resp. ¶ 5.) Therefore, even if the challenges pending in state court succeeded in vacating two of Andrews' prior convictions, there would remain two additional convictions that "qualify under the career offender provisions of the sentencing guidelines." (*Id.*) *See also Andrews*, 419 F. App'x at 675–6 (7th Cir. 2011) (listing Andrews' prior convictions and noting that "only two qualifying convictions are necessary" for career offender status). Given the extent of Andrews' criminal background as described in the PSR, we hold that Andrews has failed to make "a substantial showing of the denial of a constitutional right" related to his status as a career offender. Accordingly, we deny his request for a certificate of appealability on his § 2255 motion.

II. **Denial of Andrew's Motion to Reconsider**

After we denied Andrews' § 2255 motion, he filed a motion alter, amend, or reconsider judgment, alleging that we violated his due process rights by ruling on the § 2255 motion without giving him the opportunity to reply to the Government's response. (Dkt. 13 at 2–3.) Andrews does not point to any case, and our own research has not uncovered any, definitively

holding that a habeas petitioner has a due process right to file a reply brief answering a government response. The Seventh Circuit appears to have at least left the possibility open in *Wilson-El v. Finnan*, however, despite ruling against the petitioner on related grounds. 311 F. App'x 908, 910–11 (7th Cir. 2008). In that case, the petitioner filed a motion for an extension of time to reply, which the district court neglected to address before ruling on the § 2255 motion. *Id.* The petitioner challenged the denial under Rule 60(b) on due process grounds. *Id.* at 911. The court held that "[e]ven assuming a due process violation occurred, [petitioner] must show that the error had a substantial and injurious effect on the outcome of the proceedings," which petitioner could not do. *Id.*

Arguably, under different circumstances the Seventh Circuit might find that due process does require that we hear a petitioner's reply. Furthermore, Rule 5(d) of the Rules Governing § 2255 Proceedings provides that the "moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." 28 U.S.C.A. foll. § 2255. It is reasonable to read this rule as requiring the district court to provide the petitioner with the opportunity to reply. If that is the correct reading, we may have erred in ruling on the § 2255 motion without considering a reply. *But see United States v. Gill*, No. 12 C 5932, 2012 WL 4049445, at *2 (N.D. Ill. Sept. 12, 2012) (ruling on a § 2555 motion after considering only the motion and the government's answer, because "[t]hat answer is incapable of contravention by a reply, for its conclusive nature calls for the motion's denial without a hearing."). It is plausible, therefore, that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

Showing a debatable procedural error, however, is only the first half of Andrews' burden.

-4-

To receive a certificate of appealability, he must also show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Andrews has failed to meet this part of his burden. In his motion to reconsider, Andrews claims that the Government's response attempted "to now introduce evidence that was not introduced at the initial sentencing hearings." (Dkt. No. 13 at 4.) Presumably this is the argument Andrews would have made in his reply. It is a misreading of the Government's response.

The Government's response pointed out that the PSR included a sufficient number of prior convictions to classify Andrews as a career offender, even if he were to successfully clear two of them from his record. (Resp. ¶¶ 4–6.) The response did not refer to any evidence or raise any objections that were not before the court prior to the sentencing. As we explained above, Andrews' extensive criminal background prevents him from successfully arguing that his status as a career offender violated his constitutional rights. Nothing in his motion to reconsider persuades us that any reply he might have filed could have changed the outcome of his habeas petition. Thus, even if our failure to allow a reply were a procedural error, there has been no substantial showing of the denial of a constitutional right. Accordingly, there is no basis for granting Andrews a certificate of appealability.

## CONCLUSION

For the reasons set forth above, we deny Andrews request for a certificate of appealability.  It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: December 19, 2012